*JAMES STOREY V. M. W. KNAPP ET AL.

1. PUBLICATION DECLARED IN TRUST BY ITS FOUNDER HELD PROPERTY OF TRUSTEES AND ACCOUNTING DENIED.

Where, in response to a declaration by the founder of a religious publication that he has given it in trust to a religious society, large sums of money are contributed by devotees to aid in its establishment and increase its circulation, the trustees of such society will not be required, on the death of the founder, to render an accounting of profits and deliver the publication and rights incident thereto, to his administrator.

2. APPEAL DOES NOT LIE IN ACTION TO DECLARE A TRUST UPON CLAIMS OF AN ADMINISTRATOR FOR MONEY ONLY.

Claims of an administrator to money on deposit in a bank in the name of his decedent in an action brought by contributors to have it declared a religious trust fund are for the recovery of money only and not appealable. Nor will an averment that he does not know the exact amounts and prayer for an accounting make the action equitable in the absence of allegations that the accounts are complicated, that the banks refuse to disclose the amounts, or averments in his petition, or answer of the trustees requiring equitable relief as to such deposits.

3. ACTION FOR SPECIFIC PERSONAL PROPERTY NOT APPEALABLE.

An action for the recovery of bookplates and electrotypes is one for recovery of specific personal property and cannot be determined by the circuit court on appeal.

---

*Affirming *Storey* v. *Knapp*, 17 Dec. 461.

**Roettinger & Gorman** and **P. M. Pogue,** for the ancillary trustees and creditors.

**J. W. Sparrow, C. A. J. Walker, C. W. Baker** and **David Davis,** for the Knapp estate.

**Peck, Schaffer & Peck** and **W. A. Hicks,** for the Bible school.

GIFFEN, J.

The claim of Jackson W. Sparrow as administrator *de bonis non* of the estate of Martin W. Knapp, deceased, to the money on deposit in the Second National Bank and the Cincinnati Savings Society in the name of Martin W. Knapp at his death is based upon the wrongful conversion of the same by the defendant trustees and does not arise from the same transaction, nor transactions connected with the same subject of action as the equitable claims stated in his petition. The averment that he does not know the exact amounts and therefore asks an accounting does not make it an equitable cause of action. There is no averment that the accounts are complicated or involved, or that the banks refuse to disclose the amounts, nor is there any other averment in his petition or in the answer of the trustees requiring a decree granting equitable relief in relation to such deposits.

The causes of action thus stated are for the recovery of money only and therefore not appealable. *Wellston (City)* v. *Morgan,* 59 Ohio St. 147 [52 N. E. Rep. 127]; *Lange* v. *Lange,* 69 Ohio St. 346 [69 N. E. Rep. 611].

Although the publication known as the *Revivalist* was originally the property of Martin W. Knapp, we find that by the declaration of June 21, 1900, he gave the same in trust to the society known as "God's Bible School," and by subsequent declarations ratified such gift. Large sums of money were contributed evidently upon the faith of such declarations and the trust thereby created, and materially aided in establishing the paper and increasing its circulation. It would therefore be contrary to every principle of equity to now require the trustees of the society to account to the administrator for the profits and to deliver to him the publication and the rights incident thereto.

This conclusion applies as well to the publication known as *Sparkling Waters.* The demand for an account of the profits arising from the publication and sale of certain books written by Martin W. Knapp has no foundation unless the books were copyrighted by the author, and in that event, the validity of the copyright being involved, the state courts are without jurisdiction.

The cause of action stated in the petition of the administrator for

Hamilton County.

the recovery of the bookplates and electrotypes existing at the death of Martin W. Knapp is one for the recovery of specific personal property and cannot be heard and determined by this court on appeal, and the judgment of the common pleas court as to the right of possession and the title to such property as well as the money in bank is final. The appeal of such causes of action should therefore be dismissed for the want of jurisdiction, and petition of the administrator as to all other causes of action be dismissed. We are of opinion that $2,000 is a reasonable compensation for services rendered by counsel who represented the trustees in the common pleas court and that $200 is a reasonable compensation for the services rendered by the master. There being no dispute as to claims of creditors such finding and decree as counsel shall agree upon may be entered, and the cause will be remanded to the common pleas for execution.

**Swing** and **Smith, JJ.,** concur.